BOSTON WOVEN HOSE & RUBBER CO. v. PENNSYLVANIA RUBBER CO.

(Circuit Court, D. Massachusetts.  November 14, 1907.)

No. 269.

PATENTS—INFRINGEMENT—WHEEL TIRES.

The Schrader patent, No. 466,577, for improvements in wheel tires, has for its essential feature an internal clamping device for securing a U-shaped tire to the rim of the wheel whether used as a cushion tire, or as inclosing an inflated tube making it pneumatic, and is not infringed by the modern form of "clincher tire," in which the shoe or U-shaped outer tire is held in place by the pressure caused by the inflation of the inner tube, although such method is supplemented by stay-bolts or lugs.

In Equity. On final hearing.

Frederick P. Fish, W. Orison Underwood, and Johnson, Clapp & Underwood, for complainant.

Christy & Christy and Matthews, Thompson & Spring, for defendant.

BROWN, District Judge. Infringement is charged of claim 2 of letters patent No. 466,577, granted January 5, 1892, to Frederick Schrader, for improvements in wheel tires:

"(2) The combination of the U-shaped tire, the felly, an inflated tube confined by said tire, and an internal clamping device, between which and the felly the U-shaped tire is secured, substantially as set forth."

Schrader, the patentee, testifies that he never made a tire such as is described in the patent. The drawings and specification fully represent Schrader's contribution to the art—a conception or project not supported by experience or experiment. The patent describes both cushion tires and pneumatic tires, and the means for holding the tire to the rim are the same whether the complete tire contains an inflated

inner tube, making it pneumatic, or omits the inner tube, making it a cushion tire. The specification states:

"The object of my invention is to provide a wheel with a flexible tire that can be readily and securely fastened to the wheel; and the further object of my invention is to use said flexible tire to retain an inflated section, or what is now commonly called an 'inflated tire,' dispensing with the usual cumbersome and complicated devices usually employed for retaining the inflated section on the wheel."

The specification is principally devoted to an explanation of a mechanical clamp designed to engage slots in the inner lower edges of the U-shaped tire. This metallic clamp or band encircles the wheel, and is arch-shaped in cross-section, both edges acting mechanically to press the ends of the U-shaped tire into grooves in the rim and hold the ends in position. The only description of a pneumatic feature is the following:

"The tire may be inflated by simply forcing air under pressure into the space between the band and the tire; or, which is preferable, I place within this space a tubular inflated section E, Fig. 6, which may be a single annular tube or may be tube-sections, or in some instances a series of balls may be used, the tire, B, then acting as a retainer for the inflated section or sections."

The suggestion of inflating the U-shaped tire by forcing air under pressure into the space between the band and the tire is conceded to be impractical. The character of the inflated section can be inferred only from the language "an inflated section, or what is now commonly called 'an inflated tire,'" "a single annular tube," and from the drawings. The patent fails to disclose that the patentee relied in any degree upon other than mechanical means to retain the U-shaped cover upon the rim. The distinguishing feature of both the cushion and the pneumatic tires of Schrader's patent is the mechanical clamping of the ends of the U-shaped tire to grooves in the rim by a band which encircles the wheel.

The defendant is charged with infringement in the making or furnishing of parts for use in the modern "clincher tire," so-called. A fundamental feature of the clincher tire is the use of pneumatic pressure to attach the outer cover or "shoe" to the rim.

The shoe serves both to protect and to retain the inflated tube on the rim. The inner tube, by its inflation to a high pressure, serves to attach the outer shoe firmly to the rim. The problem of attaching an inflated tube to a wheel rim is solved by making the expansion of the tube which is to be confined the efficient means of securing to the rim the shoe which is to confine the inflatable tube. The part to be held serves to attach the part which holds it. Clearly the Schrader patent does not disclose this idea. Schrader shows no conception of using the modern soft inflatable tube which may be so expanded as to exert a clamping force. It is contended by the complainant, however, that inflation of Schrader's tube might exert a downward pressure on Schrader's mechanical clamp, depressing the arch, and thereby increasing the mechanical grip of the edges of the band on the ends of the U-shaped tire. There is no reason to believe that this idea ever occurred to Schrader, and, if it did, the idea of using pneumatic pressure to depress the arch of the clamp, and thereby increase its mechanical

pressure, is radically different from the idea of making the inner tube itself an efficient clamp.  If Schrader intended to augment the force of his clamp by pneumatic pressure upon its arch, this idea is not present in a device which contains no arched clamp whose mechanical pressure is so augmented.

The details of the structure of all parts of the defendant's tire are governed by the principle that pneumatic pressure is to be the efficient means of attaching the shoe to the rim.  The rim itself is given a sharp recurve.  The defendant's "U-shaped tire" is more properly described as ring-shaped or as a split tube of horseshoe form in cross-section, having "heels" which make a dovetailed joint with the clincher rim and "toes" which rest in a central position on the rim.  The only suggestion in Schrader of such a dovetailing of rim and shoe as the defendant has is in the drawing of figure 10.  This has a slight pictorial resemblance to the defendant's structure, but it seems substantially different in principle.  The "heel" of Schrader is not a permanently molded structure which can be pushed laterally into the clincher rim, but it is formed by extending the edge of the clamp into the groove and bending a flexible strip by the action of the clamping band.  The patentee says:

"In Fig. 10. I have shown a flexible strip, B', acting as a retainer for the inflated section in place of the formed tire, the strip acting to hold the section in place, at the same time shielding it."

No one of the rims for Schrader's molded U-shaped tires can properly be described as a clincher rim, and the only partial approximation to the clincher rim is shown in figure 10, for use with a flexible strip.  The combination consisting of a true clincher rim, a rigid molded shoe with laterally projecting heels suitable to engage a clincher rim, and a pneumatic tube which, by expansion, serves as a pneumatic clamp to press the heels into the clincher rim, is entirely absent from the Schrader patent.  Such a combination is readily detachable.  The deflation of the tube, and an inward pressure to release the heels from the clincher rim, is all that is necessary.  It is conceded that such a combination does not infringe the Schrader patent, since it does not have the element, "an internal clamping device."

In using such a combination, however, it is considered desirable to further fortify the attachment of the shoe to the tire by the use of stay-bolts or lugs.  These stay-bolts do not interfere with or affect the pneumatic clincher feature.  They are not used instead of pneumatic pressure, but in addition to it.  As used they are in themselves entirely insufficient to do what Schrader intended to do with his internal clamping device.  The complainant nevertheless, while conceding the full right of the defendant to use the pneumatic clincher tire without stay-bolts, contends that, when it does use them, it is using the Schrader combination of claim 2.  This contention is unsound, in that it ignores the novel and most important feature, pneumatic pressure, which makes the defendant's device a different combination of different elements even when lugs or stay-bolts are used.  The co-operative relation of the parts, as well as the character of the parts, is en-

tirely different from anything described or suggested in the Schrader patent.

The testimony of complainant's expert, Mr. Livermore, as to what he miscalls "modifications in form," is sufficient to show the substantial differences from Schrader, and that these differences are due to a distinct inventive idea:

"These modifications in form have been in the way of emphasizing or increasing the interlock of the edge of the shoe with the inturned edge of the rim so that the air pressure on the shoe itself without the intervention of the clamping device is sufficient to retain the engagement and withstand the pressure when the tire is inflated, and this admits of the shortening of the mechanical clamp, which need clamp the shoe to the rim only from point to point around the periphery thereof, so that the short T-bolt construction of internal clamping member exemplified in Fig. 4 of the Whiton patent, and in the Stephenson British patent as used upon solid tires, has been adopted properly modified to make it a double clamp to clamp the two edges of the U-shaped shoe between it and the rim lying at the outside of the two edges, as a substitute for the continuous band circumferentially contracting device that was devised for use with solid tires as exemplified in the Wietlisbach patent in 1874, which was taken by Schrader and adapted to serve as an in-internal clamp member for clamping the two edges of the U-shaped shoe of his mechanically fastened pneumatic tire between it and the rim lying at the outside of said edges."

I am of the opinion that the holding of the shoe in place by the pneumatic pressure of the inflated tube, aided by the mechanical grip of the stay-bolts upon the "toes" of the shoe, presents not only the very important difference between pneumatic and mechanical clamping, but a substantially different way of effecting a mechanical clamping. The defendant's mechanical clamps are applied not within the groove of the rim, but centrally, overlapping and holding fast, and at a few points, the "toes" of the shoe. The stay-bolts are so constructed and so applied for the reason that they have only a special and limited work to perform in conjunction with a pneumatic clamp. Because of their relation to the pneumatic clamp, they need not do work equivalent to that of Schrader's clamping band. They need not co-operate with the ends of the U-shaped rim in the same way, and they may be differently located, and may co-operate with a part of the shoe, to wit, the "toe," which has no counterpart in Schrader's device.

It seems very clear that the defendant is not using an invention made by Schrader, and that the stay-bolts are not in any proper sense an equivalent for "an internal clamping device," "substantially as set forth" in the Schrader patent. Surely, after Thompson's patent of 1847, no one can have a patent for attaching a pneumatic tube to a wheel by bolting on an outer covering which serves both to attach and to protect the inner tube, even if such covering may be unbolted.

Some stress is laid upon the fact that Schrader was first to make a tire that was detachable. The detachability of Schrader's tire is due to the fact that all parts of his mechanical clamp can be released at once, and this may have been an improvement upon Thompson's or Campbell's use of bolts to attach the outer covering. In the use of bolts the defendant follows Thompson and Campbell; and, if the defendant's stay-bolts may be unscrewed, this is also the case with the bolts of Thompson and of Campbell, and with screw bolts generally.

The defendant's tire is detachable in so far as it is not attached mechanically, but is attached by pneumatic pressure. The stay-bolts are an obstacle to detachment—not a serious obstacle because few in number, and because they serve to attach only a few points. If bolts were substituted to do the work of Schrader's clamp, so many bolts would be necessary that the tire would be hardly more detachable than Thompson's.

In the brief of the complainant, Schrader's "inflated tube" is referred to as an inflatable tube. While an inflated tube, in one sense, may be said to be an inflatable tube, the annular inflated tube of Schrader is not an inflatable tube in the sense in which that term is used in conjunction with the modern pneumatic clincher tire. There the term means a tube which is expansible for the purpose of confining the shoe to the rim.

After a careful examination of the Schrader patent, I am thoroughly satisfied that Schrader did not appreciate in any degree the principle of the modern pneumatic clincher tire, and that it would amount to an absurdity to prevent the defendant from using stay-bolts as an auxiliary to pneumatic pressure. The only plausibility of the complainant's case results from the very broad terms of claim 2, and from the superficial resemblance between figure 10 and the defendant's structure; but upon every sound, practical, and theoretical view what Schrader put down upon paper fails to represent what extended experience in tire construction has taught. It would be, in my opinion, a perversion of the purpose of the patent laws if the Schrader patent should be given such extraordinary liberality of construction as the complainant invokes for it. Upon a proper construction of claim 2 there is no infringement.

The bill will be dismissed.